UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DIVISION



JOHNNIE LAMAR HOFFMAN *Pro Se*                                                        PLAINTIFF

Vs.                                                        CIVIL ACTION NO. 1:20-cv-143-LG-RHW

HUNTINGTON INGALLS INCORPORATED                                    DEFENDANT

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT

Defendant, Huntington Ingalls Incorporated claims in their Motion to Dismiss that Plaintiff, Johnnie Lamar Hoffman *Pro Se* does not state a legally cognizable claim nor contain a viable claim. Defendant also claims plaintiff cannot base plaintiff's complaint on negligence due to Mississippi Worker's Compensation laws. Plaintiff contends that plaintiff has a legal right to file suit against defendant in a court of law. Plaintiff also contends that defendant is in default and that plaintiff is due a Default Judgement pursuant to Rule 55 (b)(2) of the Mississippi Rules of Civil Procedure.

**I**

Plaintiff has the right to file suit against defendant. The right to petition the government for redress of grievances includes the right to file suit in a court of law.

1

## II

While defendant does not dispute the truthfulness of plaintiff's complaint, plaintiff does dispute two items of defendant's Motion to Dismiss as to their truthfulness. Defendant claims plaintiff was told "that he would not be able to work at Huntington Ingalls ever again" by the defendant's benefits office. Plaintiff was told that at defendant's hospital by Dr. McCraney on March 29th, 2017 as stated in my original complaint.

## III

Defendant also contends that plaintiff signed the Leave of Absence (LOA) form himself. This is completely untrue. Plaintiff dropped the LOA form off at defendant's Quad Med medical facility as instructed by the Vice President's office of Huntington Ingalls. Plaintiff also had to have disability insurance forms signed by a physician so plaintiff could draw disability compensation. This was also signed by the same physician at Quad Med medical facility. Had plaintiff signed the LOA form himself that would have been cause for immediate termination. The physician who was forced to sign the LOA was very upset that she had to sign the LOA under duress. The physician stated to plaintiff that it was not her that finds plaintiff unfit to work but rather it is Dr. McCraney and that Dr. McCraney should be the physician filling out the LOA form. Plaintiff contends the LOA form was dropped off at Quad Med by plaintiff and picked up the next day by plaintiff and delivered to defendant's benefits office. Plaintiff is not responsible for how the Quad Med physician signed the LOA form and plaintiff did not sign the form himself.

## IV

Defendant states that plaintiff did not specify how defendant breached the Collective Bargaining Agreement (CBA). Defendant breached the CBA by not performing a proper Stop Badge of the alleged incident. Had a proper Stop Badge been performed both Safety and management would have been notified and required to report to the scene of the incident where reports and statement would have been taken. Plaintiff has seniority. With the exception of reduction of force which is done by seniority, as long as plaintiff does plaintiffs job, follows safety rules and company policy guidelines, and is physically able to work plaintiff has the right to work at Huntington Ingalls.

## V

Defendant claims that plaintiff's complaint of defendant being negligent is barred by Mississippi's Workman's Compensation Act. Mississippi's Workman's Compensation is not applicable here for Workman's Compensation deals with the physical injury of an employee. Since this case is not about a physical body injury, negligence is not barred by the Mississippi Workman's Compensation Act.

## VI

Plaintiff's complaint is based largely on defendant's employee Dr. McCraney's negligence of putting plaintiff on a permanent no work status. Breach of contract was introduced in plaintiff's complaint to show that it is a contributing factor along with Dr, McCraney's negligence in plaintiff's damages.

## VII

Defendant contends that plaintiff did not attempt to work the matter out with the defendant. Defendant attempted to resolve this problem by talking with defendant's Vice President, benefits office, and company liaison.

## VIII

Plaintiff contends that defendant is in default and that plaintiff is due a Default Judgement. Defendant was granted an extension until May 14th, 2020 to comply with plaintiff's subpoena. The subpoena clearly states that the defendant must respond to the plaintiff at the plaintiff's address by the deadline or a Default Judgement will be issued. It is clear that the defendant failed to answer. Plaintiff is requesting the court to grant to the plaintiff a Default Judgement for the amount of ($400,000.00) four hundred thousand dollars (US) with attorney fees and court costs. Rule 55 authorizes the judgement by default.

## CONCLUSION

Plaintiff asks the court to rule on plaintiff's Motion for Default Judgement first. Plaintiff has responded to defendants Motion to Dismiss and has shown that plaintiff has a viable claim. Plaintiff asks the court to deny defendant's Motion to Dismiss.

Dated: June 4th, 2020

Respectfully Submitted,

*[signature]*

Johnnie Lamar Hoffman

CERTIFICATE OF SERVICE

I, _Johnnie Lanne Hoffm__, do hereby certify, that I have this day filed the foregoing with the Clerk of Court, and sent a copy of such filing by regular mail to the following:

**Adam H. Gates**
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC - Jackson
One Eastover Center
100 Vision Drive, Suite 400
P. O. Box 14167 (39236-4167)
Jackson, MS 39211

This the _8th_ day of _June_, 20_20_.

By: _Johnnie Lanne Hoffman_