IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHNNIE LAMAR HOFFMAN**                                                   **PLAINTIFF**

**v.**                                            **CAUSE NO. 1:20-cv-143-LG-RHW**

**HUNTINGTON INGALLS
INCORPORATED**                                                  **DEFENDANT**

### MEMORANDUM OPINION AND ORDER
### GRANTING DEFENDANT'S MOTION TO DISMISS

**BEFORE THE COURT** is the [4] Motion to Dismiss filed by Defendant, Huntington Ingalls Incorporated ("Huntington Ingalls" or "Defendant"). After due consideration, the Court finds that the Motion should be granted.

### BACKGROUND

On March 5, 2020, Plaintiff, Johnnie Lamar Hoffman, filed this *pro se* action in the Circuit Court of Jackson County, Mississippi. Plaintiff alleges that the sole Defendant, Huntington Ingalls, violated the collective bargaining agreement between his union and the company. (Compl. ¶ III, ECF No. 1-1). Plaintiff also claims that Defendant forced him to resign under duress as a result of an erroneous report that he fell asleep while driving a forklift. (*Id.* ¶¶ XIV-XV). Finally, Plaintiff alleges that Defendant was negligent in failing to investigate the report's claims and forcing him to resign under duress. (*Id.* ¶ XVIII).

On May 14, 2020, Defendant filed a [4] Motion to Dismiss for Failure to State a Claim. Defendant argues that (1) the allegations do not constitute a legally

cognizable claim, (2) any negligence claims are barred by the Mississippi Workers' Compensation Law, Miss. Code. Ann. § 73-3-1 *et seq.*, and (3) any breach of union contract claims is barred by the Labor Management Relations Act.[1]

## DISCUSSION

### I.   MOTION TO DISMISS

#### A.   Negligence Claims

Plaintiff states that his Complaint "is based largely on defendant's employee Dr. McCraney's negligence of putting plaintiff on a permanent no work status." (Pl.'s Resp. Def.'s Mot. Dismiss ¶ VI, ECF No. 7). Plaintiff alleges that this "indefinite 'No work restriction'" forced him against his will "to resign from Huntington Ingalls." (Compl. ¶ XI, ECF No. 1-1). Defendant moves to dismiss Plaintiff's negligence action inasmuch as these alleged injuries are only compensable under the Mississippi Workers' Compensation Law.

Liberally, construed, Plaintiff seeks emotional or mental distress damages for the allegedly coerced resignation. "Plaintiff contends that Defendant, by forcing Plaintiff to resign under duress has damaged Plaintiff to a sum of approximately one hundred thousand dollars ($100,000.00US) per year." (*Id.* ¶ XVIII). The nature of these damages, as well as Plaintiff's legal theory, are less than clear. Even a liberal reading of the Complaint and Plaintiff's brief in response does not tend to

---

[1] Plaintiff concedes that he has not made an independent claim for breach of the union contract under the Labor Management Relations Act. According to Plaintiff the "[b]reach of contract was introduced in plaintiff's complaint to show that it is a contributing factor along with Dr[.] McCraney's negligence in plaintiff's damages." (Pl.'s Resp. Def.'s Mot. Dismiss ¶ VI, ECF No. 7).

indicate that Plaintiff has brought or could bring a wrongful termination claim. Under Mississippi law the circumstances justifying such an action are exceedingly narrow, and Plaintiff does not claim that he was terminated. *See McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So.2d 603, 607 (Miss. 1993).

Instead, Plaintiff alleges that Defendant was negligent in its investigation and assignment of Dr. McCraney's "no work restrictions." To the extent his damages arise from the "duress," Defendant is correct that an action for mental or emotional damages would be barred by the exclusivity provisions of the Mississippi Workers' Compensation statute. Miss. Code. § 71-3-9. *See also Chamblee v. Miss. Farm Bureau Fed.*, 551 F. App'x 757, 761 (5th Cir. 2014) (holding that a terminated employee's "claim for negligent infliction of emotional distress [] fails as it is barred by the Mississippi Worker's Compensation Act ('MWCA'), which provides the exclusive means of relief for an employee's claim based on his employer's negligent conduct").

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [4] Motion to Dismiss filed by Defendant Huntington Ingalls Incorporated is **GRANTED**. Plaintiff's negligence claim against Defendant is hereby **DISMISSED.**[2] The Court expresses no opinion regarding any quiescent state claims under the Mississippi Workers' Compensation Law.

---

[2] The court should generally give a plaintiff at least once chance to amend under Rule 15(a) before dismissing the action with prejudice, unless to do so would be futile. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006).

**SO ORDERED AND ADJUDGED** this the 23rd day of June, 2020.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE