UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



| | |
|---|---|
| JOHNNIE LAMAR HOFFMAN *Pro Se* | PLAINTIFF |
| Vs. | CIVIL ACTION NO. 1:20-cv-143-LG-RPM |
| HUNTINGTON INGALLS INCORPORATED | DEFENDANT |

## PLAINTIFF'S AMENDED COMPLAINT

Plaintiff amends Plaintiff's Complaint for the following reasons:

The **Order to Dismiss** elaborated on the following:

1. Mississippi Workers Compensation Act
2. Breech of union contract
3. Emotional and mental distress
4. The nature of damages and legal theory are unclear

Plaintiff assumed plaintiff would have the opportunity to testify himself in court so plaintiff's Motions and Responses were brief, however will elaborate in plaintiff's amended Complaint.

## MISSISSIPPI WORKERS COMPENSATION ACT

The **Order To Dismiss** states that plaintiff's claim is banned by the Mississippi Workers Compensation Act (MWCA). Mississippi Workers Compensation is not an issue here for plaintiff was not physically, mentally, or emotionally injured during this episode. An example would be if plaintiff's automobile was damaged while at work by defendant's negligence.

Plaintiff could surely sue defendant for damages to plaintiff's automobile without filing a Workers Compensation claim. Another example would be if defendant damaged plaintiff's precision measuring tools while in defendant's tool crib being calibrated. That would surely not be a Workers Compensation claim either. As the two (2) prior examples show they are not Worker Compensation claims, plaintiff contends plaintiff's claim is not a Mississippi Workers Compensation claim either and plaintiff's claim should not be barred by the Mississippi Workers Compensation Act.

## EMOTIONAL AND MENTAL DISTRESS

The **Order To Dismiss** states plaintiff is seeking emotional and mental distress. Plaintiff is seeking monetary damages as compensation for monetary damages caused by defendant's behavior.

## NATURE OF DAMAGES AND LEGAL THEORY

The **Order To Dismiss** states that plaintiff's nature of damages as well as legal theory is unclear. As stated before plaintiff was of the belief that plaintiff would testify in court so plaintiff was brief in plaintiff's argument but plaintiff will elaborate now for plaintiff contends and believes plaintiff's claim was not understood.

Plaintiff was gainfully employed by defendant for over seven (7) years. A false report was created by plaintiff's co-workers stating that plaintiff was working and driving a forklift while sleeping. The alleged incident was to have taken place days prior. Defendant's management violated defendant's own company policies and safety guidelines plus defendant never conducted an investigation of any kind. You would think that if a person was driving a forklift in a crowded warehouse while sleeping the person would have an accident of some kind. Most people who fall asleep driving have a wreck. Plaintiff was placed on a "No Work" restriction

Page | 2

and a leave of absence. Plaintiff was placed on short term disability of about two hundred thirty dollars ($230.00) per week when plaintiff was earning over one thousand dollars ($1,000.00) per week prior. The short term disability only last for six (6) months. As a result of plaintiff's pay cut, plaintiff's new automobile was repossessed. Had plaintiff continued on leave of absence and short term disability for the next two (2) months and not resigned, plaintiff would have lost everything financed. Plaintiff was put into a position where plaintiff had no other option because defendant would not allow plaintiff to work when there was nothing wrong with plaintiff.

Plaintiff works for a large unionized company. Plaintiff is Employee "A". Employee "B" is a female employee that likes Employee "A". Employee "C" is a male employee that likes Employee "B" but Employee "B" wants nothing to do with Employee "C". Employee "C" thinks that Employee "A" is the reason that Employee "B" wants nothing to do with Employee "C". Employee "C" devises a plan to get rid of Employee "A" as an employee and company management turns a blind eye to what Employee "C" is doing so Employee "A" is not allowed to work at the company anymore even though company management is violating company policy, safety rules, and union rules. Maybe that sheds a light on the matter.

## CONCLUSION

The fact that defendant violated defendant's own company policy and safety program by not investigating, by allowing employees to make a false safety complaint of something that was supposed to have happened days prior (when policy is to report violations immediately), and for defendant violating union contract by treating plaintiff as an at will employee while plaintiff is not an at will employee (plaintiff and defendant are bound by the union contract), is not the basis of plaintiff's suit against defendant, it is collaborating evidence of defendant's wrong doing.

By defendant's wrong doing, defendant cost plaintiff wages over one thousand dollars ($1,000.00) per week, matching 401k payments, pension contributions, and bonuses which equal about one hundred thousand dollars ($100,000.00) per year.

Plaintiff request that the Order granting the **Motion To Dismiss** be overturned for the reasons previously stated.

                              Respectfully Submitted,

                              /Johnnie Lamar Hoffman

Date:  March 12th, 2021

## CERTIFICATE OF SERVICE

I certify that I filed the forgoing with the Clerk of the Court and sent a true copy via U.S. Mail, postage paid, to the following:

Adam Gates
Watkins & Eager PLLC
400 East Capitol Street #300
Jackson, Mississippi  39201

Dated:  March 12th, 2021

_____
Johnnie Lamar Hoffman