IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHNNIE LAMAR HOFFMAN**                                    **PLAINTIFF**

**v.**                                                              **CAUSE NO. 1:20-cv-143-LG-RPM**

**HUNTINGTON INGALLS**
**INCORPORATED**                                                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS**

**BEFORE THE COURT** is the [27] Motion to Dismiss filed by Defendant, Huntington Ingalls Incorporated. Plaintiff filed a [29] Response, to which Defendant [30] replied. After due consideration, the Court finds that the Motion should be granted.

### BACKGROUND

On March 5, 2020, Plaintiff Johnnie Lamar Hoffman filed this *pro se* action in the Circuit Court of Jackson County, Mississippi. He alleges that Defendant, his employer, negligently failed to investigate claims that he fell asleep while driving a forklift and thereafter forced him to resign under duress. (*See generally* Compl., ¶¶ XIV-XVIII, ECF No. 1). The case was removed to this Court on April 16, 2020. On June 23, 2020, the Court issued an [11] Order on Defendant's Motion to Dismiss, finding that the Complaint sought mental and emotional distress damages, which are barred by the exclusivity provisions of the Mississippi Workers' Compensation Statute, Miss. Code § 71-3-9 *et seq*. The Court allowed Plaintiff to file an amended Complaint.

After an appeal, Plaintiff filed his [24] Amended Complaint, which clarifies that he is "seeking monetary damages as compensation for monetary damages caused by defendant's behavior." (Am. Compl., 1-2, ECF No. 24). Plaintiff accuses Defendant of violating its "own company policies and safety guidelines" and failing to conduct an investigation. (*Id.* at 2-3). Defendant again moved to dismiss, arguing that Plaintiff has failed to state a claim as a matter of law. (*See generally* Mem. Supp. Mot. Dismiss Pl.'s Am. Compl., ECF No. 28). Plaintiff filed a concise [29] Response and Defendant a [30] Reply. The issues are now ripe for disposition by the Court.

## DISCUSSION

To survive a Motion to Dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Therefore, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010). The court liberally construes pleadings filed *pro se*, like the Complaint filed in this case. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice

to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Here, the nature of Plaintiff's claim remains "less than clear," but more can be gathered from his Amended Complaint. (*See* Mem. Opinon & Order, 2, ECF No. 11). As before, Plaintiff maintains that Defendant's failure to investigate false accusations ultimately forced him to resign. (*See generally* Am. Compl., ECF No. 24). Plaintiff states that Defendant breached its own internal policies and a collective bargaining agreement, but he clarifies that these alleged violations are "not the basis of plaintiff's suit against defendant" but rather "evidence of defendant's wrong doing." (*Id.* at 3). Instead, Plaintiff compares his lawsuit to one arising out of "an automobile wreck," such that Defendant liable for damages "no matter if the wreck was caused intentionally or accidently." (Pl.'s Resp. Def.'s Mot. Dismiss, 1, ECF No. 29). Hence, the Court concludes that Plaintiff seeks damages under principles of tort liability.

However, such a cause of action does not appear to exist in Mississippi under these facts. "Mississippi follows the common law rule that a contract of employment for an indefinite term may be terminated at the will of either party. The employee can quit at will; the employer can terminate at will. This means either the employer or the employee may have a good reason, a wrong reason, or no reason at all for terminating the employment contract." *Kelly v. Miss. Valley Gas Co.*, 397 So.2d 874, 874-75 (Miss. 1984). Of course, "the employment-at-will doctrine . . . is not absolute." *Swindol v. Aurora Flight Sciences Corp.*, 194 So.3d

847, 852 (Miss. 2016). "Employers may not fire employees for one of the public-policy reasons detailed in *McArn*, nor may they fire employees for reasons 'independently declared legally impermissible.'" *Id.* (quoting *McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So.2d 603, 606 (Miss. 1993)). Plaintiff does not allege, nor does it appear plausible from the facts submitted, that any of the public policy exceptions are applicable here. The Court concludes that Plaintiff's claim for damages is precluded by the employment-at-will doctrine.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [27] Motion to Dismiss filed by Defendant Huntington Ingalls Incorporated is **GRANTED.** This action is **DISMISSED WITH PREJUDICE.**

**SO ORDERED AND ADJUDGED** this the 26th day of April, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE